J-S11027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY JIMEE PETE | : | |
| | : | |
| Appellant | : | No. 1257 WDA 2024 |

Appeal from the Order Entered September 26, 2024
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0001994-2013

BEFORE:  MURRAY, J., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:                    **FILED: April 21, 2025**

Appellant, Anthony Jimee Pete, appeals *pro se* from the order entered in the Butler County Court of Common Pleas, which denied as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On September 17, 2014, Appellant entered a negotiated guilty plea to statutory sexual assault.  On January 15, 2015, the court held a sentencing hearing where Appellant sought to withdraw his plea; however, the court denied the request after Appellant admitted that he had sex with the minor victim when he was 11 years older.  On March 16, 2015, the court sentenced Appellant in accordance with his plea agreement to 42 to 144 months' imprisonment.  This Court affirmed his judgment of sentence on October 4, 2017.  ***See***

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

*Commonwealth v. Pete*, No. 1223 WDA 2016 (Pa.Super. filed Oct. 4, 2017) (unpublished memorandum). Subsequently, Appellant engaged in the unsuccessful litigation of serial post-conviction petitions.

Appellant filed the instant serial PCRA petition, styled as a "petition to open and vacate illegal sentence," on September 23, 2024.[2] On September 26, 2024, the PCRA court dismissed the petition as untimely.[3] On October 10, 2024, Appellant timely filed a *pro se* notice of appeal. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and he timely complied on October 21, 2024.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional prerequisite. *Zeigler, supra* at 853. A PCRA petition shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

---

[2] The PCRA court properly treated Appellant's filing styled as a "petition to open and vacate an illegal sentence" under the confines of the PCRA. ***See, e.g., Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa.Super. 2013) (observing that General Assembly enacted PCRA to be sole means of achieving post-conviction relief; unless PCRA cannot provide remedy, it subsumes writ of *habeas corpus*). ***See also*** 42 Pa.C.S.A. § 9542. Challenges to the legality of a sentence are cognizable under the PCRA. ***See Commonwealth v. Prinkey***, ___ Pa. ___, ___, 277 A.3d 554, 568 (2022).

[3] Although it appears that the court did not issue Pa.R.Crim.P. 907 notice, such error is not reversible here, where the record is clear that the current petition is time-barred. ***See Commonwealth v. Zeigler***, 148 A.3d 849, 851 n.2 (Pa.Super. 2016).

expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file the petition within the required statutory window. 42 Pa.C.S.A § 9545(b)(1-2). These exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa.Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). As well, "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Fahy*, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999).

Instantly, Appellant's judgment of sentence became final on November 3, 2017, at the expiration of his time to seek allowance of appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Thus, Appellant had one year from that date to timely file a PCRA petition challenging his original judgment of sentence. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant's current PCRA petition, filed September 23, 2024, is facially untimely. Appellant fails to invoke or develop an argument concerning any exception to the PCRA time-bar on appeal. Under these circumstances, Appellant's current prayer for relief remains time-barred and the PCRA court did not have jurisdiction to consider the petition on the merits. *See Zeigler, supra*. *See also Commonwealth v. Derrickson*, 923 A.2d 466, 468

- 3 -

(Pa.Super. 2007) (stating: "Without jurisdiction, we simply do not have the legal authority to address the substantive claims") (citation omitted). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/21/2025